O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO BARBOSA,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>M. MCVAY, et al.,<br><br>　　　　　　Respondents. | Case No. 2:24-cv-07265-CAS-SSC<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

### I.  INTRODUCTION

On October 24, 2024, United States Magistrate Judge Stephanie S. Christensen (the "Magistrate Judge") issued a Report and Recommendation denying petitioner Sergio Barbosa's ("petitioner") petition for a writ of habeas corpus.  Dkt. 9 ("R&R").  On November 15, 2024, petitioner filed his objections to the R&R.  Dkt. 10 ("Objections").

Pursuant to 28 U.S.C. § 636, the Court has reviewed the records and files herein, the R&R of the Magistrate Judge, and petitioner's Objections thereto.

After having made a *de novo* determination of the portions of the R&R to which petitioner's objections were directed, the Court accepts the report, findings, and recommendations of the Magistrate Judge.

## II. BACKGROUND

In October 1992, petitioner pled guilty in Los Angeles County Superior Court to two counts of second-degree robbery. R&R at 2. Petitioner was sentenced to seven years in prison on March 3, 1993 and did not appeal until September 15, 2022, rendering his appeal untimely. Id. at 2. In October 1998, petitioner was also convicted of committing a lewd act on a child, which qualified him for a three-strikes sentence of 35-years-to-life due to his prior robbery convictions. Id.

After his appeal was dismissed due to its untimeliness, petitioner filed several other petitions in 2022 and 2023 regarding the robbery conviction and three-strikes sentence. Id. On August 23, 2024, petitioner filed the instant federal habeas petition (the "petition"), challenging his robbery convictions. Petitioner seeks habeas relief on five grounds: (1) California's imposition of the three strikes law after his guilty plea should void petitioner's plea and sentence; (2) the reporter's transcript of petitioner's 1998 trial contains falsified information; (3) petitioner is actually innocent; (4) the prosecution and the courts committed various acts of misconduct and misapplied the law; and (5) petitioner has been subjected to racism. Id. at 2-3.

The Magistrate Judge initially determined that petitioner's requested relief is barred by the statute of limitations, and accordingly ordered petitioner to show cause why the petition should not be dismissed on statute of limitations grounds. Id. at 3. Petitioner filed a response which the Magistrate Judge found unresponsive to the statute of limitations issue. R&R at 3. The Magistrate Judge subsequently

///

issued the R&R recommending that the petition be denied, and petitioner filed his Objections.

### III. LEGAL STANDARD

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3) (stating "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions"). Proper objections require "specific written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Where no objection has been made, arguments challenging a finding are deemed waived. See 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). Moreover, "[o]bjections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge." Chith v. Haynes, 2021 WL 4744596, at *1 (W.D. Wash. Oct. 12, 2021).

///

///

///

## IV. DISCUSSION

The R&R before the Court recommends dismissing the petition with prejudice. R&R at 11. The Magistrate Judge concludes that the petition was untimely, and petitioner has not presented sufficient evidence to the contrary. Id. Pursuant to the Antiterrorism and Death Penalty Act of 1996 ("AEDPA"), timeliness is a threshold question that must be decided before reaching the merits of a habeas petitioner's claim. Ford v. Gonzalez, 683 F.3d 1230, 1238 (9th Cir. 2012); See, e.g., Miranda v. Castro, 292 F.3d 1063, 1068 (9th Cir. 2002). Petitioner objects to the Magistrate Judge's findings on the following grounds: (1) his late discovery that his plea agreement was breached circumvents the AEDPA statute of limitations pursuant to 28 U.S.C. § 2244(d)(1)(D);[1] (2) extraordinary circumstances warrant equitable tolling; (3) violations of the United States Constitution do not have a statute of limitations; (4) California legislative changes, that the sentencing court did not consider, should allow his petition to proceed; and (5) the Court should consider that the transcripts from his trial were falsified. Objections at 1-7.

First, the Court agrees with the Magistrate Judge that the petition is barred by the statute of limitations pursuant to AEDPA. As set out in the R&R, there is "a one-year limitations period in which a state prisoner must file a federal habeas corpus petition," most often beginning when the judgment of conviction became final. R&R at 4. There are three circumstances in which the statute of limitations

---

[1] Plaintiff repeatedly refers to a "breach of contract" regarding his plea agreement. The Court understands this argument to mean that petitioner believes there was a breach of his plea agreement because each 1993 conviction counted as a strike against him for the purposes of his three-strikes sentence imposed in 1998, despite his sentences for the two robbery convictions being served concurrently. Dkt. 7 at 8. Additionally, petitioner alludes to the plea being breached in that he was sentenced to seven years in prison when he had agreed to five in his plea. Id. at 2.

may begin later: "(1) state action created an impediment that prevented a petitioner from filing of a federal habeas petition; (2) the claim to be presented is premised on a right that 'has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review'; or (3) the factual predicate of the claim to be presented could not have been discovered through the exercise of due diligence until after the date the conviction became final." R&R at 5-6. Although the petitioner argues that learning of the alleged breach of contract constitutes the factual predicate of his claim pursuant to 28 U.S.C. § 2244(d)(1)(D), even a generous interpretation of the timeline does not prevent the claim from being time-barred. The Magistrate Judge allowed for the one-year limitations period to begin with the 1998 judgment, as opposed to the 1993 conviction in question, which still rendered the claim untimely. R&R at 6. Petitioner argues, however, that the factual predicate of his claim—the allegedly breached plea agreement—was not discovered until July 17, 2022. Objection at 1. Even adopting this start date petitioner seeks to have the Court apply in his objections, the statute of limitations would nonetheless bar his petition, which was filed over two years later, on August 23, 2024. U.S.C. § 2244(d)(1).

  Next, petitioner addresses equitable tolling. Petitioner sets forth mitigating factors, such as "his youth at the time of the robbery convictions, the severity of his 1998 sentence that was enhanced based on his prior convictions, and his lack of understanding of the process underlying his guilty plea on the robbery charges," that the Magistrate Judge correctly deemed insufficient to merit equitable tolling. R&R at 4, 7. The R&R states that petitioner "has not provided any authority suggesting the Court has discretion to consider such mitigating factors when applying the strict requirements of AEDPA, or that it has authority to apply the 'spirit,' rather than the letter, of the law." Id. at 7. Likewise, petitioner does not satisfy the standard for equitable tolling that requires a petitioner to show "(1) that

5

he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." R&R at 7 (citing Holland v. Florida, 560 U.S. 631, 649 (2010)).

Petitioner seems to argue that ineffective assistance of counsel and a danger to his life in the inmate population "due to the label placed on [his] life by the sentencing court," constitute extraordinary circumstances. Objection at 3-4. To demonstrate an extraordinary circumstance, petitioner must show "an occurrence 'beyond [his] control' that 'prevent[ed] [him] from filing on time.'" Trujeque-Magana v. Bennett, No. 22-35742, 2024 WL 3450994 (9th Cir. July 18, 2024) (citing Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010)). The Court finds that neither of these explanations meets this "very high standard." Id. As to the ineffective assistance of counsel claim, the Court looks at whether an attorney's "actions represent egregious professional misconduct or mere garden variety negligence." Luna v. Kernan, 784 F.3d 640, 646 (9th Cir. 2015). Petitioner appears to argue that his attorney either failed to identify that he was charged with two strikes despite serving concurrent sentences for his two convictions or failed to adequately advise him of the consequences of pleading guilty to two robbery counts in the context of the three strikes law. See Objection at 2.

This conduct, however, does not rise to the level of egregiousness that courts have found sufficient to establish ineffective assistance of counsel as an extraordinary cause. For example, such a claim may lie when an attorney ignores a client's explicit instructions or denies access to legal files. See Luna, 784 F.3d at 646. Whereas circumstances found sufficiently extraordinary to warrant tolling involve misconduct obstructing the ability to file in a timely manner, petitioner has failed to prove that his counsel was "the but-for and proximate causes of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). Because the alleged breach of contract issue petitioner believes his attorney should have

advised him of did not impact his ability to timely pursue relief, the Court concludes that his ineffective assistance of counsel argument is not germane to equitable tolling.

Secondly, although petitioner alleges that he has felt unsafe during his incarceration, he has not explained how that prevented him from timely filing his petition. He offers no specific rationale to show that these conditions caused the delay, as required to establish equitable tolling. See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). While the circumstances may have been beyond petitioner's control, he has not alleged facts connecting them to an inability to file or access legal resources sufficient to justify the delay.

Even if these circumstances are to be deemed extraordinary, satisfying the second prong of the Holland test, the Court agrees with the Magistrate Judge that there is no sufficient justification provided for the lack of diligence in "waiting until 2022 to begin challenging his 1993 convictions." R&R at 7. While "the passage of time alone is not determinative," looking to the "effort that a reasonable person might be expected to deliver under his or her particular circumstances," is informative. Doe v. Busby, 661 F.3d 1001, 1015 (9th Cir. 2011). Petitioner need not have engaged in an "overzealous or extreme pursuit" for relief, rather the Court must consider the overall level of care and whether there was reasonable diligence. Bent v. Garland, 115 F.4th 934, 943 (9th Cir. 2024) (citing Smith v. Davis, 953 F.3d 582, 599 (9th Cir. 2020)). The petitioner has not put forth any showing of care or diligence in pursuing relief from the time of his 1998 conviction to 2019, the date of his earliest attached exhibit showing efforts for relief.[2] Objections at 7,

---

[2] The Court notes that in 2019, petitioner sent a letter to Speaker Nancy Pelosi seeking assistance with his case. However, this does not alter the fact that petitioner took no action for the two decades preceding that correspondence.

16. Because the passage of time is not dispositive, the Court goes on to review petitioner's further arguments on equitable tolling.

Petitioner contends that his attorney should be responsible for navigating the statute of limitations issue and identifying the alleged "breach of contract" he believes cures the timeliness issue because, as a layperson, he cannot be expected to bear this responsibility. See Objection at 2. However, the Ninth Circuit has held that "a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Waldron–Ramsey v. Pacholke, 556 F.3d 1008, 1013 n.4 (9th Cir. 2009). Additionally, as previously discussed, the alleged attorney misconduct would not itself merit equitable tolling. Thus, this argument does not cure petitioner's lack of diligence and warrant equitable tolling.

Third, petitioner objects on the basis that "[v]iolations of the United States Constitution do not have a 'statute of limitations.'" Objection at 2. However, AEDPA specifically imposes a one-year statute of limitations on all federal habeas claims, including "violation[s] of the Constitution or laws or treaties of the United States." 28 U.S. Code § 2254(a). Accordingly, it is clear that the law does impose a statute of limitations on the pursuit of constitutional claims such as these.

Fourth, petitioner discusses several "changes and modifications of the law" that "were not addressed by the sentencing court." Objections at 3. Such laws include: "Assembly Bill (AB) 256-The Racial Justice Act (2023); Assembly Bill 1306-SVP The Hearing Hearsay Rule; Senate Bill 261 codified as Penal Code 3051 (e) and 4801 (c); PC 1171.1, now section 1172.75, to the Penal Code, took effect on January 1, 2021; People v. Walker, 16 Cal. 5th 1014 (PC § 1385, Subd. (c)(2)." Objection at 3. However, these state laws do not provide a basis for federal habeas claims as review is limited to "violation[s] of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a); See also De

8

Santiago v. Smith, No. CV 23-5423-ODW (AGR), 2024 WL 3015326, at *5 (C.D. Cal. May 2, 2024), report and recommendation adopted, No. CV 23-5423-ODW (AGR), 2024 WL 3015292 (C.D. Cal. June 14, 2024). Even if these laws applied, the Court finds that of all the laws and cases petitioner cites, only the Racial Justice Act for All is both possibly relevant to petitioner and applies retroactively. Cal. Pen. Code § 745(b). This law allows an individual to raise concerns of bias or discrimination based on race, ethnicity, or national origin in his conviction. Id. Assuming arguendo that this change in law is appropriately considered on federal habeas review, the Court concludes that petitioner has offered no evidence of bias based on his race, ethnicity, or national origin in his underlying conviction, and only alludes to any bias by way of citation to the Racial Justice Act for All. Accordingly, the Court concludes that he has not stated a claim for habeas relief on this basis.

      Finally, as to objections, the Court construes petitioner's Off the Record Note attached to his Objections, concerning the allegedly inconsistencies in the record, as a further objection. Dkt. 10 at 7. There, petitioner contends that the transcripts of his sentencing were falsified. Id. However, petitioner has presented no evidence to show that the record was in fact falsified, nor did the petitioner explain how this would provide a basis for relief.

      Additionally, although raised in response to the Magistrate Judge's Order to Show Cause, the Court considers what petitioner refers to as his double jeopardy argument and his argument that his 1993 plea agreement was not made knowingly and voluntarily because he was not aware of the possible three-strikes consequences arising therefrom.[3] Dkt. 7 at 1-3. Courts have consistently upheld

---

[3] Petitioner appears to argue that the government violated the Double Jeopardy Clause by using his prior robbery convictions to enhance his sentence for his subsequent offense.

"recidivist sentencing scheme[s]," leaving no plausible constitutional challenge against the three strikes law. United States v. Kaluna, 192 F.3d 1188, 1198 (9th Cir. 1999) (citing Witte v. United States, 515 U.S. 389, 399 (1995)).  Additionally, a guilty plea is not rendered involuntary or unknowing simply because the defendant was unaware the conviction could later be used to enhance a sentence under California's Three Strikes law.  See United States v. Brownlie, 915 F.2d 527, 528 (9th Cir. 1990) (citing United States v. Garrett, 680 F.2d 64, 65–66 (9th Cir. 1982)).  In Brownlie, the Ninth Circuit explained that "[t]he possibility that the defendant will be convicted of another offense in the future and will receive an enhanced sentence based on an instant conviction is not a direct consequence of a guilty plea." Id.  Consistent with that principle, the this Court has previously concluded that "[p]lea agreements are not rendered involuntary by a defendant's lack of understanding that [his] conviction could be used to enhance a future sentence." Sanchez v. Hedgpeth, 706 F. Supp. 2d 963, 992 (C.D. Cal. 2010); see also Fleming v. Diaz, No. CV 13-3897-PA (AS), 2014 WL 7149461, at *3 (C.D. Cal. Dec. 13, 2014).

### V.  CONCLUSION

Having completed its review, the Court **ACCEPTS** the findings and recommendations set forth in the R&R.  Accordingly, IT IS ORDERED that petitioner's petition for writ of habeas corpus is **DENIED** with prejudice.

IT IS FURTHER ORDERED that judgment be entered dismissing this action with prejudice as barred by the statute of limitations.

Dated: July 25, 2025

*Christina A. Snyder*

HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

10